## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAVIER DIAZ COLIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-1189-D |
| RUSSELL HOLT, *et al.*, | ) ) ) |
| Respondents. | ) ) |

### **ORDER**

Petitioner Javier Diaz Colin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Maxfield ordered Respondents to file a response to the Petition. [Doc. No. 5]. On October 29, 2025, Respondents filed their response objecting to the Petition. [Doc. No. 8].

On November 6, 2025, Judge Maxfield issued a Report and Recommendation ("R and R") recommending the Court grant in part the Petition. [Doc. No. 10]. Respondents filed a timely objection. [Doc. No. 11]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

1

## BACKGROUND

Petitioner, a citizen of Mexico, has resided in the United States since approximately 1994, most recently in Tulsa, Oklahoma, and has no criminal convictions. In September 2025, Immigration and Customs Enforcement detained him in Oklahoma and instituted removal proceedings against him. Petitioner has remained in custody without a bond hearing since his arrest. On October 10, 2025, while detained at the Cimarron Correctional Facility in the Western District of Oklahoma, Petitioner filed his Petition, asserting that his continued detention violates the Immigration and Nationality Act ("INA") and his Fifth Amendment right to due process.

Respondents filed their response to the Petition objecting and arguing that the Court lacks jurisdiction over the claims pursuant to 8 U.S.C. § 1252(a), (b)(9), and (g), and alternatively, that he is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A).

## MAGISTRATE JUDGE'S R AND R

Judge Maxfield determined the Court has jurisdiction to review Petitioner's claims. She rejected Respondents' assertion that pursuant to 8 U.S.C. §§ 1252(a) and (b)(9), the Court lacks jurisdiction because the decision to charge and detain Petitioner "can be reviewed by the appropriate court of appeals as part of an appeal of a final order of removal— but not this Court." Rather, Judge Maxfield concluded that detention orders are separate and apart from orders of removal, and thus, 8 U.S.C. §§ 1252(a) and (b)(9) do not deprive the Court of jurisdiction.

Additionally, Judge Maxfield rejected Respondents' assertion that the Court lacked jurisdiction over Petitioner's claims under 8 U.S.C. § 1252(g). Judge Maxfield found that

the Court had jurisdiction over the claims because "Petitioner does not challenge the commencement of removal proceedings, the adjudication of removal proceedings, or the execution of removal orders." Indeed, Judge Maxfield concluded, in accordance with the majority of other courts which have addressed the issue, that the Petitioner's claims "fall outside the narrow jurisdictional limitations of § 1252(g)." Thus, she concluded that § 1252(g) does not deprive the Court of jurisdiction.

Moreover, Judge Maxfield found Petitioner's continued detention without a bond hearing violated the INA as "noncitizens who are just present in the country, who have been here for years upon years and never proceeded to obtain any form of citizenship, are not seeking admission under § 1225(b)(2)(A)." She concluded that 8 U.S.C. § 1226(a) controls Petitioner's detention, and therefore he is entitled to a prompt bond hearing or, alternatively, his release.

## DISCUSSION

Respondents raise two objections which are specifically directed to Judge Maxfield's findings. First, Respondents assert that this Court does not have jurisdiction over Petitioner's claims because Judge Maxfield misapplied 8 U.S.C. § 1252(g). Second, they assert that 8 U.S.C. § 1225(b)(2)(A) is applicable, not 8 U.S.C. § 1226(a), as Judge Maxfield misinterpreted 8 U.S.C. § 1225(b)(2)(A).

### I.     Jurisdiction.

Respondents assert that 8 U.S.C. § 1252(g) limits the Court's jurisdiction to hear "any cause or claim by or on behalf of any alien arising from the decision or action by [DHS] *to* commence proceedings, adjudicate cases, or execute removal orders against any

3

alien under this chapter." [Doc. No. 11, at p. 3] (quoting 8 U.S.C. § 1252(g) (emphasis added)). However, the Supreme Court requires § 1252(g) be read narrowly and applied "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted).

The Court agrees with Judge Maxfield's finding that Petitioner "challenges 'the narrow legal question[] of whether [his] detention under 8 U.S.C. § 1225 violates the INA and whether he is entitled to a bond hearing under § 1226's discretionary detention framework.'" [Doc. No. 10, at p. 9] (quoting *Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *3 (D. Colo. Oct. 17, 2025)). Accordingly, because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition. *E.g. Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025), *Guiterrez*, 2025 WL 2962908, at *3, *Cortes v. Noem*, 1:25-cv-2677-CNS, 2025 WL 2652880, at *2 (D. Colo. Sept. 16, 2025).

## II.    8 U.S.C. § 1226 is Applicable to Petitioner's Detention.

Respondents assert that Judge Maxfield misinterpreted 8 U.S.C. § 1225(b)(2)(A), which resulted in her conclusion that 8 U.S.C. § 1226 was applicable here, instead of § 1225(b)(2)(A).

"'The INA contemplates two detention regimes for noncitizens pending removal proceedings.'" *Hernandez v. Baltazar*, No. 25-cv-3094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (quoting *Salazar v. Dedos*, No. 25-cv-835-DHU-JMR, 2025 WL 2676729, at *3 (D.N.M. Sept. 17, 2025)). "For decades, the Department of Homeland

4

Security has applied § 1226, rather than § 1225, to noncitizens who are apprehended while already present in the United States without having been admitted or paroled." *Andres v. Noem*, No. CV H-25-5128, 2025 WL 3458893, at *2 (S.D. Tex. Dec. 2, 2025); *see also Jennings*, 583 U.S. at 289 (noting that the government is authorized to detain "aliens seeking admission into the country" under § 1225(b), and detain "aliens already in the country" under § 1226). However, Respondents recently changed their legal position on §§ 1225 and 1226, and determined that § 1225 "is the applicable immigration detention authority for all applicants for admission." *Andres*, 2025 WL 3458893, at *2 (quotation and citation omitted).

Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez*, 2025 WL 2996643, at *3 (citing *Salazar*, 2025 WL 2676729, at *3). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.* at *8; *see also Aranda v. Olson*, 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

A. **Section 1225:**

Section 1225(b)(2)(A) provides:

> in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

5

8 U.S.C § 1225(b)(2)(A). Section 1225(a)(1) further provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." However, the INA does not define "seeking admission." *Guerrero v. Noem*, No. 25-CV-5881 (EK), 2025 WL 3214787, at *3 (E.D.N.Y. Nov. 18, 2025). But, the INA does define "admission" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13).

Respondents' assertion that § 1225(b)(2)(A) controls Petitioner's detention is premised on two arguments. First, they assert that all "applicants for admission" are subject to mandatory detention under § 1225(b)(2)(A). They argue that Petitioner is an "applicant for admission" because he has "remained in the United States since his arrival, has several United States children who are citizens, and has offered to take no actions to voluntarily depart." [Doc. No. 11, at p. 8]. They therefore assert that because he is an "applicant for admission" § 1225(b)(2)(A) is the controlling statute, and mandatory detention without a bond hearing is warranted.

The Court rejects Respondents' broad interpretation of § 1225(b)(2)(A), and agrees with the magistrate judge's interpretation in the R and R. Indeed, "'[o]verwhelmingly, courts have rejected the interpretation offered by [r]espondents that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection.'" *Aguilar v. Bondi*, --- F. Supp. 3d ---, 2025 WL 3471417, at *5 (W.D. Tex. Nov. 26, 2025) (quoting *Belsai D.S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), --- F. Supp. 3d ---, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025)

6

(collecting cases)); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th ---, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025) (rejecting the Respondents' interpretation, and noting that "'U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).'") (quoting *Jennings*, 583 U.S. at 289), *Mercado v. Francis*, --- F. Supp. 3d ---, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting this issue "has been challenged in at least 362 cases in federal district court. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States.").

When interpreting a statute, a court's analysis begins with the text of the statute. *Potts v. Ctr. For Excellence in Higher Educ., Inc.*, 908 F.3d 610, 613 (10th Cir. 2018). The Court finds that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the section to control. *See Loa Caballero v. Baltazar*, 25-cv-3120-NYW, 2025 WL 2977650, at *5-6 (D. Colo. Oct. 22, 2025). Thus, the Court rejects Respondents' assertion that all "applicants for admission" are "seeking admission." *See Castañon-Nava*, ---F.4th---, 2025 WL 3552514, at *9. As recognized in the R and R, if all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be superfluous and redundant, and courts should avoid statutory interpretations that "make[] any part [of the statute] superfluous." *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996).

Second, Respondents argue that Petitioner's detention is proper under § 1225(b)(2)(A) because he is not only an "applicant for admission" but is also "seeking admission." Despite having been in the country for over three decades at the time he was detained, Respondents assert that he is "seeking admission" by filing an application for cancellation of removal following his detention. [Doc. No. 11-1]. They argue that any action by an alien to remain in the United States constitutes "seeking admission," regardless of how long the alien has resided in the country or where the alien was apprehended.[1]

This Court agrees with the R and R's rejection of adopting a broad interpretation of "seeking admission," as Respondents' interpretation conflicts with the plain meaning of the phrase. Indeed, the Court agrees with the reasoning in *Rojano Gonzalez v. Sterling*, 1:25-CV-6080-MHC, 2025 WL 3145764 (N.D. Ga. Nov. 3, 2025), in which the court rejected the interpretation of "seeking admission" that the Respondents proffer here. In *Rojano Gonzalez*, the court provided that:

> [r]espondents' interpretation ignores the plain meaning of the phrase "seeking admission." "[T]he phrase 'seeking admission' is undefined in the statute but necessarily implies some sort of present-tense action." *Martinez v. Hyde*, No. 25-11613-BEM, 2025 WL 2084238, at *6 (D. Mass. July 24, 2025). "Seeking" means "asking for" or "trying to acquire or gain" and implies some kind of affirmative action on the part of the actor. *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *5 (E.D. Cal. Sept. 23, 2025) (citing Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/seeking). The statute defines "admission" as "the lawful entry of the alien into the United

---

[1] Respondents fail to provide the Court with any legal authority in which a court adopted their broad interpretation of "seeking admission." [Doc. No. 11].

8

> States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101. "And 'entry' has long been understood to mean 'a crossing into the territorial limits of the United States.'" *Lepe*, 2025 WL 2716910, at *5 (quoting *Hing Sum v. Holder*, 602 F.3d 1092, 1100–01 (9th Cir. 2010)). "To piece this together, the phrase 'seeking admission' means that one must be actively 'seeking' 'lawful entry.'" *Id.* (quoting *Lopez Benitez*, 2025 WL 2371588, at *7 (S.D.N.Y. Aug. 13, 2025)).

*Id.* at *5. Stated otherwise, "[n]oncitizens 'seeking admission' are those who have not 'effected an entry' into the United States." *Sacvin v. Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025), *see also Martinez v. Noem*, SA-25-CV-1373-JKP, 2025 WL 3471575, at *6 (W.D. Tex. Nov. 26, 2025) (concluding that "§ 1225(b)(2) applies to noncitizens 'seeking admission,' and § 1226 applies to noncitizens . . . who are 'already in the country.'"), *Castañon-Nava*, --- F.4th ---, 2025 WL 3552514, at *9.

Moreover, many courts, including this Court, have found persuasive the court's analogy in *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025), in which the court explained why Respondents' interpretation of "seeking admission" is flawed. The court in *Lopez Benitz* provided that:

> [S]omeone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as "seeking admission" to the theater. Rather, that person would be described as already present there. Even if that person, after being detected, offered to pay for a ticket, one would not ordinarily describe them as "seeking admission" (or "seeking" "lawful entry") at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there. As § 1225(b)(2)(A) applies only to those noncitizens who are actively "seeking admission" to the United States, it

9

>> cannot, according to its ordinary meaning, apply to [the petitioner], because he has already been residing in the United States for several years.

*Id.*; *see also Loa Caballero*, 2025 WL 2977650, at *6 (same), *Curillo v. Noem*, No. 1:25-CV-1340, 2025 WL 3235737, at *5 (W.D. Mich. Nov. 20, 2025) (same), *Rojano Gonzalez v. Sterling*, 1:25-cv-6080-MHC, 2025 WL 3145764, at *6 (N.D. Ga. Nov. 3, 2025) (same), *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *5 (N.D. Ill. Oct. 21, 2025) (same), *Bethancourt Soto v. Soto*, No. 25-CV-16200, --- F. Supp. 3d ---, 2025 WL 2976572, at *6 (D.N.J. Oct. 22, 2025) (same), *Yupangui v. Hale*, No. 2:25-CV-884, 2025 WL 3207070, at *4 n.6 (D. Vt. Nov. 17, 2025) (same), *Maldonado Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025) (same).

Accordingly, this Court agrees with the R and R, and the numerous courts that have addressed the issue, and finds that Petitioner is not "seeking admission" under § 1225(b)(2), as he has resided in the country for over three decades and was not apprehended at a port of entry or border. Thus, in accordance with the R and R, the Court finds that detaining Petitioner under 8 U.S.C § 1225(b)(2)(A) is improper.[2]

---

[2] Respondents assert that such construction of §1225(b)(2)(A) "leads to the absurd result that immigration officers cannot immediately detain a noncitizen residing in the United States without determining if they were somehow actively seeking admission at that time." [Doc. No. 11, at p. 8]. However, nothing in this Court's interpretation of § 1225(b)(2)(A) prohibits immigration officers from detaining noncitizens residing in the country. Rather, the statutory construction restricts Respondents ability to keep Petitioner in "mandatory detention" without a bond hearing pursuant to § 1225(b)(2)(A) after his arrest.

B. <u>Section 1226</u>

Having found § 1225(b)(2)(A) inapplicable to Petitioner's detention, the Court concludes that § 1226(a) controls his detention. *See Loa Cabllero*, 2025 WL 2977650, at *8 ("The Court joins the numerous courts across the country that have held that [noncitizens not apprehended at the border, who have been present in the United States for many years without lawful status] are subject to the discretionary framework of § 1226(a)"). Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings." *Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306).

Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a). Accordingly, the Court agrees with the recommendation of the R and R and finds that Petitioner is entitled to a bond hearing and failure to provide one violates 8 U.S.C. § 1226(a).

## CONCLUSION

The Court reviewed the R and R, as well as the case record, and fully concurs in the R and R. Therefore, the Court, having conducted a *de novo* review, finds that Respondents'

objection [Doc. No. 11] should be overruled, and hereby **ADOPTS** the R and R [Doc. No. 10] in its entirety.[3]

**IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 16th day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.